IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN C. JOHNSON,

          Petitioner,                   No. CIV S-03-0479 MCE GGH P

    vs.

TOM L. CAREY, et al.,

          Respondents.           ORDER

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On January 14, 2005, the court recommended that all claims be denied but for petitioner's ineffective assistance of counsel claim based on trial counsel's failure to raise the issue of petitioner's mental competency during trial.  The court appointed counsel to represent petitioner as to this claim.

        On May 16, 2005, petitioner's appointed counsel filed objections to the findings and recommendations and a request for an evidentiary hearing.  In this pleading, counsel argues the merits of the remaining ineffective assistance of counsel claim and requests an evidentiary hearing.  This pleading does not address any of the claims the court recommended be denied, and the undersigned is puzzled as to what the "objections" pertain.

/////

1

1    28 U.S.C. § 2254(2)(2) sets forth the standards for an evidentiary:

2    (2) If the applicant has failed to develop the factual basis of a claim in State court
     proceedings, the court shall not hold an evidentiary hearing on the claim unless
3    the applicant shows that—
     (A) the claim relies on–
4    (i) a new rule of constitutional law made retroactive to cases on collateral review
     by the Supreme Court, that was previously unavailable; or
5    (ii) a factual predicate that could not have been previously discovered through the
     exercise of due diligence; and
6    (B) the facts underlying the claim would be sufficient to establish by clear and
     convincing evidence that but for constitutional error, no reasonable factfinder
7    would have found the applicant guilty of the underlying offense.

8

9    "If there has been no lack of diligence at the relevant stages of the state court

10   proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening

11   clause, and he will be excused from showing compliance with the balance of the subsections's

12   requirements." Williams v. Taylor, 529 U.S. 420, 437, 120 S. Ct. 1479 (2000). "Ordinarily

13   diligence requires that a petitioner seek an evidentiary hearing in state court in the manner

14   prescribed by state law." Horton v. Mayle, 408 F.3d 570, 582 n. 6 (9th Cir. 2004).

15   "Under California law, an appellate court, when presented with a state habeas

16   petition, determines whether an evidentiary hearing is warranted only after the parties file formal

17   pleadings, if they are ordered to do so." Id. In the instant case, the California Supreme Court

18   denied petitioner's state habeas petition without ordering formal pleadings. Answer, p. 3; exhibit

19   F. Because petitioner did not reach the stage of the proceedings at which an evidentiary hearing

20   should be requested, he has not shown a lack of diligence at the relevant stage of the state court

21   proceedings. The court observes that petitioner did request an evidentiary hearing as to this

22   claim in his habeas corpus petition filed in the California Supreme Court. Answer, Exhibit G, p.

23   14.

24   Because petitioner is not subject to AEDPA's restrictions on evidentiary hearings,

25   the court applies pre-AEDPA law. Horton, 408 F.3d at 582 n. 6. Under pre-AEDPA law, a

26   habeas petitioner is entitled to an evidentiary hearing on a claim where the facts are in dispute if

2

1) he has alleged facts that, if proven, would entitle him to relief, and 2) he did not receive a full and fair evidentiary hearing in state court.  Id.

In the instant case, the parties dispute whether counsel should have raised the competency issue at trial.  Petitioner also did not receive a full and fair evidentiary hearing in state court as to this claim.  Whether petitioner has alleged facts that, if proven, would entitle him to relief requires a little more discussion.

Petitioner has presented a psychological report of petitioner from July 1999 stating that he suffered from a severe mental order in July 1999.  See May 16, 1999, objections, Exhibit A.  The report also states, "In Mr. Johnson's case, it is very unlikely that an individual with such a significant psychiatric disturbance would have been able to function without some rather obvious manifestations of this disorder in the recent past."  Id.

The Ninth Circuit has been "willing to examine 'retrospective competency determinations' when 'it is possible to make an accurate retrospective evaluation,' such as 'by consulting contemporaneous medical reports."  Williams v. Woodford, 384 F.3d 567, 609-610 (9th Cir. 2004).  The July 1999 psychological report is sufficiently contemporaneous for the court to have a meaningful hearing and to make a retrospective competency determination.  Accordingly, the court finds that petitioner has alleged facts that, if proven would entitle him to relief.  Accordingly, the court grants petitioner's request for an evidentiary hearing.

The court now makes the following findings and orders in regard to the evidentiary hearing.

A.  Witnesses

On or before thirty days prior to the hearing the parties shall provide witness lists, including addresses and telephone numbers, to opposing counsel.

Each party may call any witnesses designated by the other.

1.  No other witness will be permitted to testify unless:

/////

3

a.  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

b.  The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2.  Within the thirty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

a.  The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

b.  The court and the opposing party were promptly notified upon discovery of the witnesses;

c.  If time permitted, the party proffered the witnesses for deposition; or

d.  If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

B.  <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits thirty days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

Petitioner will use numbers to mark exhibits; respondents will use letters.

1.  No other exhibits will be permitted to be introduced unless:

a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

/////

4

               b.  The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

2.  Within the fifteen day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing.  The exhibits will not be received unless the proffering party demonstrates:

               a.  The exhibits could not reasonably have been discovered earlier;

               b.  The court and the opposing party were promptly informed of their existence; or

               c.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to each bring an "exhibit book" containing copies of their exhibits to the evidentiary hearing.  The "exhibit book" is for bench use during trial.

C.  <u>Miscellaneous</u>

Counsel shall make the appropriate writ ad testificandum filings if the presence of petitioner or any other incarcerated witness is desired.  Petitioner shall file these writs at least forty-five days prior to the hearing.  The parties shall otherwise make their own arrangements for the attendance of non-incarcerated witnesses.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's request for an evidentiary hearing is granted;

/////

/////

/////

/////

1    2.  An evidentiary hearing is scheduled for November 7, 2006, at 9:00 a.m. before

2  the undersigned; the parties shall prepare for hearing in accordance with the terms set forth in

3  this order.

4  DATED: 7/19/05

5                                            /s/ Gregory G. Hollows

6                                            _____
                                             GREGORY G. HOLLOWS
7                                            UNITED STATES MAGISTRATE JUDGE

   ggh:kj
8  john479.evi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26